[L. A. No. 8850. Department Two.—December 12, 1927.]

JOHN GOTTSTEIN, Respondent, v. W. R. ADAMS et al., Defendants; REUBEN N. ERICKSON, Appellant.

[1] TAXATION — FEDERAL LAND — POSSESSORY INTEREST. — Under the terms of the convention by which California was admitted into the Union (U. S. Stats. at Large, vol. 9, p. 452), the state possesses no power to levy or collect a tax against the lands of the United States while the title thereto remains in the federal government and while a homesteader is attempting to acquire such title under the homestead laws, but whose right thereto is so far incomplete and inchoate that no certificate has been issued to him prior to the attempted imposition of said tax; and an attempted sale of such land under an assessment of the possessory right of such homesteader is void, as is a deed given pursuant thereto.

[2] ID. — METHOD FOR ASSESSING POSSESSORY RIGHT — SECTIONS 3820–3825, POLITICAL CODE.—The only method by which an as-

---

1. Liability to state taxation of United States property granted or sold by the government, but to which government still holds legal title, note, 11 Ann. Cas. 391. See, also, 24 Cal. Jur. 91; 26 R. C. L. 97.

sessment of the possessory interest of one in possession of land which is exempt from taxation may be made is that provided in sections 3820 to 3825 of the Political Code.

(1) 37 Cyc., p. 866, n. 55, p. 1479, n. 88.   (2) 37 Cyc., p. 869, n. 71, p. 999, n. 69.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Reversed.

The facts are stated in the opinion of the court.

James W. Glassford and H. L. Welch for Appellant.

Herbert C. Kelly for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff and against the defendant Reuben N. Erickson, in an action to quiet title. The plaintiff based his right of recovery in said action upon a tax deed issued to him in consequence of a tax sale of the premises in question had on the twenty-seventh day of June, 1924, wherein the tax collector offered said premises for sale to the highest bidder for the amount of a tax assessed in the year 1918 and which became delinquent and were sold to the state in the month of June, 1919. It was the contention of the defendant upon the trial, and is his contention upon this appeal, that said tax deed was and is void for two reasons: First, for the reason that the procedure provided by the statute for the levy of the assessment and for the sale of whatever interest the appellant had in said premises for and on account of the defendant's delinquency in the payment of the tax levied thereon pursuant to said assessment was not followed; and the second reason is that the lands and premises at the time of the levy of the assessment and of the proceedings had thereon leading up to such tax sale was United States government land which was in the course of being acquired by the defendant as a homestead and was not subject to state taxation and hence that the assessment of whatever interest the defendant had therein prior to the issuance of the final certificate and all subsequent proceedings for the collection of a tax thereon imposed by the state, including the issuance of said deed, were void. The facts presented to the court upon this appeal are uncontradicted

and consist of documentary evidence and such additional facts thereto as are embraced in the stipulation of the parties. From the record as thus made up it appears that in November, 1915, the defendant Erickson made a homestead entry under the United States land laws providing therefor upon the east one-half of the east one-half of tract 147, township 13 south, range 14 east, S. B. M., in Imperial County, California. He completed his probationary period of residence and complied with other requirements of the homestead laws, and in May, 1921, became entitled to make his final proof and received his final certificate upon his said homestead entry. In October, 1924, he received his patent for the land. In the meantime and in the year 1918 the county assessor of Imperial County undertook to assess the "possessory right" of said defendant Erickson in said land at the sum of $3,200 and his improvements thereon at $400. This assessment was transferred from the assessment list to the assessment-book and a total tax computed thereon at the sum of $127.80. When the defendant later in that year failed to pay said tax it was transferred by said official to the delinquent list and at the time of such transfer the descriptive words "possessory right" as they appeared upon the assessment-book were dropped, and the delinquent tax appeared upon the delinquent list as a tax against the land. In June, 1919, the tax collector, following the procedure provided in the Political Code for the sale of delinquent taxes upon real estate, sold the said land and the improvements thereon to the state, and five years thereafter, in June, 1924, the said tax thereon remaining unpaid, the tax collector, still following said procedure, advertised the land for sale to the highest bidder and sold the same to the plaintiff herein for the total amount of the delinquency with penalties and costs for an amount aggregating $442, and later and in due course issued a deed therefor to the plaintiff herein. Under the convention by the terms of which California was admitted into the Union, as these appear in the act of admission (U. S. Stats. at Large, vol. 9, p. 452) it was provided that:

"Sec. 3. And be it further enacted, that the said state of California is admitted into the Union upon the express condition that the people of said state, through their legislature or otherwise, shall never interfere with the primary

disposal of the public lands within its limits and shall pass no law and do no act whereby the title of the United States to and right to dispose of, the same shall be impaired or questioned; and that they shall never lay any tax or assessment of any description whatsoever upon the public domain of the United States."

[1] Under the terms of this convention it has been universally held that the state possessed no power to levy or collect a tax against the lands of the United States while the title thereto remained in the federal government and while a homesteader was attempting to acquire such title under the homestead laws, but whose right thereto was so far incomplete and inchoate that no certificate had been issued to him prior to the attempted imposition of said tax. (*Irwin* v. *Wright*, 258 U. S. 219 [66 L. Ed. 573, 42 Sup. Ct. Rep. 293].) Notwithstanding this state of the law, assessors and tax collectors in the state of California have in past years undertaken to levy and collect a tax upon the possessory right of homesteaders upon public land, purporting to act in so doing under the provisions of section 3617 of the Political Code. [2] The subsequent sections of said code, however, provide the procedure to be followed by assessors and tax collectors in the matter of the assessment and collection of taxes imposed or attempted to be imposed upon the possessory interest of claimants or occupants of land which is in itself exempt from taxation. Section 3820 of the Political Code provides as follows: "The assessor must collect the taxes on all property when, in his opinion, said taxes are not a lien upon real property sufficient to secure the payment of the taxes. The taxes on all assessments of possession of, claim to, or right to the possession of land and the taxes on taxable improvements located upon land exempt from taxation, shall be immediately due and payable upon assessment and shall be collected by the assessor as provided in this chapter." Section 3821 of said code further provides: "In the case provided for in the preceding section, at the time of making the assessment, or at any time before the first Monday of August following the assessment, the assessor may collect the taxes by seizure and sale of any personal property owned by the person against whom the tax is assessed, or if no personal property can be found, then the assessor may collect the taxes by seizure and sale of the

right to the possession of, claim to or right to the possession of the land.'' Section 3824 provides that when after the collection of said tax the tax rate is fixed and it is then discovered that a sum in excess of said rate has been collected the said excess collected and paid to the county treasurer shall be repaid to the person from whom such collection has been made; and section 3825 provides that if the sum so collected is less than the tax thus so made ''the deficiency must be collected by the tax collector either by a sale of the property on which the same is a lien, if any, in the same manner as other taxes on real and personal property are collected, or by seizure and sale of any personal property owned by the person against whom such tax is assessed, in the same manner provided in sections 3821 and 3822 for the seizure and sale by the assessor.'' It is apparent from a reading of these sections of the Political Code that the only method by which an assessment of the possessory interest of one in possession of land which is exempt from taxation may be made is that provided therein. In other words, the mode as therein provided for the collection of an assessment and tax upon the possessory interest of one in possession of land which is itself exempt from taxation is the measure of the power of the state and its officials in the matter of the levy and collection of such tax, assuming for the sake of the argument that they have power to levy and collect the same. It is clear from the uncontradicted record herein that the method provided by the foregoing sections of the Political Code was not followed in the instant case, but that, instead of so doing, the assessor and tax collector of Imperial County undertook to treat the assessment and tax above referred to as a charge upon the land itself and proceeded to declare such tax delinquent and to sell said land therefor to the state in 1919 and to the plaintiff herein in 1924, under the other provisions of the Political Code which relate to the sale of lands for a delinquent tax imposed thereon. They had no such power and it therefore necessarily follows that the sale of the land and premises herein by this latter method was invalid, and hence that the deed of the plaintiff issued to him pursuant thereto was and is wholly void. Having thus determined it becomes unnecessary to consider the further reasons urged by the appellant, for the invalidity of the proceedings upon which

said deed is predicated from their inception, and we therefore do not determine that question, nor do .we deem it necessary to consider the other points made by the appellant upon this appeal.

The judgment is reversed, with instructions to the trial court to make and enter its findings and judgment in favor of the defendant and appellant Reuben N. Erickson or his successor in interest if the fact shall so appear.

Shenk, J., and Langdon, J., concurred.

Hearing in Bank denied.